My name is Carol Ilusky, and I represent Bradford Feigenbaum, the defendant appellant in this case. In its brief, the government conceded that this case needs to be remanded for resentencing under the correct edition of the guidelines. Accordingly, the only issues before this court are whether the five conditions of supervised release which Mr. Feigenbaum challenges were imposed in violation of law. Mr. Feigenbaum pleaded guilty to transporting and attempting to transport a minor male in interstate commerce with the purpose of criminal sexual activity. There is no dispute that he used the computers and the Internet to commit this crime. What is in dispute is whether the conditions imposed as a result of the crime in the manner of its commission were imposed in violation of law. The first challenged condition is condition number 10, which imposes various computer Internet restrictions. It is unlawful for several reasons, the most basic being because it violates the requirements of 18 U.S.C. 3583d and 3553a, which requires that conditions of supervised release involve no greater deprivation of liberty than is reasonably necessary. Somebody is convicted of a child pornography offense. Isn't it in the interest of the public and in their own interest in terms of rehabilitation if they're blocked from being on the Internet? I believe that it is in the interest of the public and the person that they are restricted from the use of the Internet. But a complete ban on Internet use is akin to banning him from reading a newspaper or making a telephone call. A complete ban prevents him from even using the Internet to get to find a job or to research health issues. It's far – But how do you distinguish this case from Rerden in which a panel of our court felt that a complete ban was reasonable under the circumstances? That was a child pornography case. But here, maybe it's even – the facts would even more warrant this total ban condition because he lured a young child to see him over the Internet. Your Honor, these cases need to be decided on the basis of the specific facts before it. In exercising the trial court's discretion, the trial court was required to look at all the statutory factors, including the history of the defendant, the nature of the crime, and meeting the sentencing goals. The court is – In Rerden? Because this case is very different from Rerden factually. First of all, the condition is different. Rerden did not impose an absolute ban on Internet use, but only a ban – he could use the Internet if he had the prior approval of his probation officer. Except we're explicitly allowed by the probation officer. No, Your Honor. That goes to the rest of the conditions. That goes to the indirect or direct contact with a certain electronic communication devices. If you read the last sentence of the condition 10, it's an outright ban on Internet use. Moreover, in the – Well, on the first – the first sentence, it would seem that the except clause, where it says explicitly allowed by your probation officer and with the approval of and under the supervision by a supervisor as a requirement of employment, it would seem to me the way I would read that in normal reading is that that modifies everything set up above, so that you can't have a computer that communicates via modem, and you can't have a computer that communicates through a dedicated connection. It would be like DSL except if you get approval of your probation officer. That's absolutely correct. And a supervisor. But then it says, in addition, you'll be prohibited from having Internet access during your period of supervision. At least I had interpreted that that can't wipe out everything said right before that, So that must mean, like, something separate, like maybe at your home or on your own as contrasted with at work. How could that last sentence render the first sentence meaningless? I don't believe that it renders the first sentence meaningless. I believe that it's a separate condition. First, if you have indirect or direct contact – It's listed under condition number 10. Right. It's listed as one condition. So how could the last sentence saying you're prohibited from Internet access negate what's said right above it? Well, it may be a problem with the way this was drafted, but we're left with what was drafted and what's in front of us. Did you ask the district court to clarify it? I was not the counsel below. I mean, apart from an appeal to us, when the district court has jurisdiction, couldn't that be clarified by the district court? Why don't you just file a motion and go in and talk to the district court and get it clarified if it's ambiguous? What is – what would more likely happen is he would be on supervised release under the supervision of his probation officer who would decide how to interpret this condition and whether or not he should be violated. And then the district court would have the opportunity to interpret the condition and determine whether it can be read so that Internet access is not completely banned. Okay. So he goes to his probation officer, and his probation officer says, look, no problem at work. I approve it. If your supervisor at work approves it with a required disclosure, go ahead and use the Internet at work under supervision. But you can't have an Internet connection at home. What's the beef or what's the problem? Well, then the condition is still too broad. If you can read that condition somehow to mean that you're allowed to use the Internet at work, we have still lots of problems with it. That's how I'm reading it, at least. And I'm feeling like if that's not what it means, that the appellant could get it clarified outside of our appeal. So what's the problem with that if that's what it means? Well, first of all, the phrase direct and indirect contact is left completely undefined. Any lawyer reading this language knows that direct and indirect contact is the kind of language you use when you want to be as far-reaching as possible. On page 10 of the government's brief, the government suggested that he's not banned from direct and indirect contact, but rather use and possession. Where does that say direct or indirect contact? It says contact directly or indirectly with these various electronic communication devices. Okay. So, again, what's your problem with the indirect part of that? That it's so broad and vague as to give the defendant no guidance as to what this really means. Well, normally indirectly would mean you don't have a computer or Internet access, but you ask your friend, John or Jane, to use their computer to go get you something on the Internet or to send something of yours on the Internet. You do something through another person. And that's what the government suggests in its brief is the meaning of this language. However, even that would be too much of a restriction on his liberty interests. He would be virtually prohibited from working with people who are using the Internet. He couldn't look at a report that somebody else had generated. Well, he could do that with the approval of and under the supervision, the approval of his probation officer. Right. And with a supervisor at his office who knows he's using a computer. Right. And let's talk about those parts of the condition for a moment. He can only use these devices if they're required for employment. He can't use the devices for any other reason, not even to find employment. He can't use the devices even assuming that, assuming for the moment that he doesn't have Internet access, he can't use them for things like word processing, watching movies, balancing his checkbook, only if it's a requirement of employment. He can't use the devices unless it's under the supervision of a supervisor for employment. And then if all those things are in place, he still needs the probation officer's approval. And I suggest that there's no reason to ask for the probation officer's approval at that point when it's already solely for employment and solely under the supervision of a supervisor. That this condition is unduly restrictive is made clear by the fact that there are alternate ways of enforcing, alternate ways of reaching the sentencing goals. We don't want him to have unlimited access. We don't want him to be going to chat rooms and getting into trouble. But we do want him to be able to conduct a normal life, hold employment, and get what information he needs from the Internet. The court could impose a condition banning him from going to chat rooms, banning him from sites containing obscenity or with links to obscenity. They could require him to include filtering software on his computer, which would prevent him from going to the sites. There are already in place mechanisms for the probation officer to check up on where he's been. The probation officer in Condition 8 is required, is allowed to check his computer at any time. The probation officer will be able to get a history of sites that he has gone to and make sure that he has not violated the conditions. So there are much less restrictive ways of doing this. Because there are less restrictive ways, the court violated its discretion in imposing this particular way. And I would like to just finish up with Reardon, because I don't think I addressed that fully. The condition is different. The defendant is different. In Reardon, he was an art director and set designer. Computers were not part of his life. Mr. Feigenbaum is a computer analyst. He's been one for ten years. This is all that he knows how to do. This is his only means of livelihood. In Reardon, the court was limited to plain air review. We are not so limited here. And I would submit that the facts were much different in Reardon, creating a situation where that kind of restriction was favored. And one final thing. In Reardon, the court pointed out, it went to some length to point out that it was limiting the facts to that case. It said, given these facts and that no objection was made, we think that this condition was imposed within the court's discretion. All right. Thank you. Thank you. Good afternoon, Your Honors. My name is Susan Dorman, and I represent the United States in United States v. Feigenbaum. So, Ms. Dorman, if Mr. Feigenbaum is working for, you know, Boeing, let's say, and he wants to use a computer at Boeing, can he do that under this Condition 10 with the approval of his probation officer and some supervisor at Boeing? I believe he can, Your Honor, for the following reason. As the Court noted, the first component of Condition No. 10 sets forth the equipment that the defendant is not to have any access or contact, direct or indirect, with. And then also indicates, however, because this is not an absolute ban, there are mechanisms by which the defendant can have such access, either through the supervising capacity of an employer or the probation officer or both. Counsel, isn't a minimum requirement of a condition for supervised release that it be clear and comprehensible by the defendant? I would agree, Your Honor, and I think it is. I'm having trouble understanding what Condition 10 means, to be honest. The first part. The first part seems to me, I thought the first sentence was talking about the Internet, and then the last sentence, and it allows, seems to allow some access under certain conditions. But the second sentence then says no Internet access, and to me that seems directly contradictory, if you understand the first sentence, to be talking about communication via the Internet. But the first portion of Condition 10, Your Honor, refers to, as I said, the equipment that you cannot have. It would include computers and all devices, rather than specifying a certain kind of computer. It certainly, it simply says electronic devices which communicate data via modem. What does that mean in the real world? It means no, what are those things? Like games? No, Blackberries, anything, telephones that have Internet communication. That's correct. That's correct. Unless you have the prior, unless you've had that discussion with either an employer or your probation officer, and then I think what the. . . Also it needs both of them, right? It does say and. It's got a probation officer and a supervisor. And certainly that makes sense because. . . You need the probation officer and the supervisor to say okay to have the equipment. If it's a work issue that Internet access is going to be. . . To have the equipment. And then that last sentence. . . Does the last sentence mean at work, even though you have the approval of the probation officer and your supervisor, that you can't go on the Internet at work? Because that would be irrational. No, I don't think so. I didn't think so either, but it's. . . But here's how I. . . The court laws question made me have some concern whether we have a duty to remand it for clarification. I think there are two ways of looking at the issue that's presented by Condition 10. Either you can look at that last sentence and recognize that you can't get to the Internet at all in the absence of having accessed and used the equipment that is described in the first component of Condition 10, and that is not an absolute ban. So the last sentence is merely a clarification of an implementation. In other words, you can't just go on the Internet without obviously first having a computer, a monitor, a CPU, and perhaps some other of the devices that have been mentioned, like a Palm Pilot, et cetera. I frankly am not familiar with BlackBerrys myself. But the point is that the Internet, going to the Internet, is an implementation, something you do after you have already sat down in front of the equipment and started to use it. And so if you have that permission of either an employer, excuse me, not either, of an employer if that's what the issue is, or the probation officer, and you need to access the Internet for a specific job and everybody knows about that, then that might work. Kennedy. I mean, that's one way to read it, I suppose. And this case has to be remanded anyway. It seems to me the district court could clear this up one way or the other. But under your favorable reading, favorable for your side, you can't have a home computer. That's true. Now, if he'd made this solicitation by telephone, would it be an acceptable condition? No, Your Honor. Oh, if he had made it? I'm sorry. If he had made this solicitation by telephone, would it be an acceptable condition to say that he can't have a telephone in his house? I've thought a lot about what is the difference between a telephone, which is obviously a widespread communication device, and the computer. The difference in this case, and I think we have to remember two things in responding to the issue about condition number 10. One is the nature and circumstances of this case, where if Mr. Feigenbaum had not gone on the Internet, we would not be standing here today. It wasn't incidental. He had to have a telephone or U.S. mail to arrange this kind of a rendezvous. And the difference, I think, with the Internet provided that the telephone is not quite the same and neither is the mail, is he was able to completely disguise his identity in a way that he never would have been on the phone, for example. He's a 40-year-old man now. He's late 30s at the time of the offense. He could not have picked up a telephone and said and had the constant communication with a 14-year-old, naive, sexually inexperienced boy that he did, using the kind of language he did, and ever escaped detection or pulled it off. He could run mail. But I suppose you're maybe right that he couldn't find his victim without help from the Internet. I don't know the answer fully to the question of the telephone. I don't think you could probably have a condition that said nobody could use a telephone. The question is getting. I mean, this is getting. But it's different. It's very hard to do a lot of things without a computer. Finding jobs is one that's been mentioned. Well, I think what has to happen here, when you have someone of his age and his manipulative skills and the kind of language and deceit when he asks the child to destroy evidence, he asks the child to lie to his parents, the sexual content is clear, you have to recognize that, number one, this is a person who clearly has a profound sexual interest in getting a hold of a child. He is truly a predator. And if there's going to be rehabilitation, if there's going to be, if they're going to be able to protect other minors from this same kind of scenario occurring, the government has to, the probation office has to put as many restrictions as possible, indeed a short leash, without making an absolute ban that the defendant doesn't know what he's supposed to do or not supposed to do, in order to make sure that doesn't happen. It seems to me it's reasonable for the government to say, for the part of your sentence that's a supervised release, we are going to restrict you from the Internet access to protect yourself and to protect other potential victims. But I think they've got to do it clearly, which it hasn't been done that clearly here. Yes, the other question I have in reading this language and just thinking of the concept of conditions of release, in general, would, if he wanted at some point during his supervised release to go on the Internet, could he do so, provided he received the probation officer's approval, or does he have to go back to court? Your Honor, I'm sorry. I didn't hear the first part of what he wanted to do on the Internet. The way that supervised release, the imposition of conditions on supervised release works generally. If he ever, during the whole period of supervised release, if Feigenbaum ever wanted to go to use the Internet, could he do so if he had permission from his probation officer, or would he have to go back to court to get this modified? Your Honor, I think it would have to be done by the probation officer. And depending on what the... What's the basis for saying that? I'm sorry? What's your basis for saying that? Because the district court has made a specific direction that he not be able to have this computer access. And then the implementation of that is left to the probation officer. Well, right. So... Which I think is acceptable. To the conclusion that he would have to go back to the district court to get it modified, because the order is no Internet access. Unless approved. And he appreciates it from Merden, where it was except with the permission of his probation officer. I believe the probation officer has under this condition to approve. But if I could respond to... Can a probation officer just disregard a condition if he or she doesn't think it's needed? In my experience, Your Honor, if a condition was going to be totally removed, then the probation officer would go back to the district court. And to respond to Judge Canby's question about it's going to be remanded anyway, the other possibility with respect to Condition 10 is to simply take the language that's right before that last sentence begins that does say, and with the approval of and under supervision, and tack it on a second time. If the court were to remand to clarify Condition 10, that would be my recommendation to the district court. In essence, say it again, but, and just for that limited purpose of repeating that identical language, not to throw out the whole...  I'm sorry, Your Honor? Is that a condition on employment when he can only use a computer at work if his employer supervises it? I think the employer has to know about it. I'm saying, supposedly, supervised release conditions are not supposed to condition employment. But in the, as the court is aware in the judgment, the standard Condition 13 that talks about notifying third parties of risks, et cetera, associated with certain kinds of offenses, I think that would come into play with respect to employment. I don't see how it couldn't in this context. I would thus like to conclude by saying, Your Honors, that in light of the egregious facts of this case, indeed, as Judge Zille, I believe, aptly said, outrageous, outrageous conduct. And I would distinguish the conduct from Reardon. It's worse. This man all but succeeded in getting a child here into Seattle for his own sexual purposes. What was his actual prison term he got plus the supervised release? The low, the bottom of the low, the lower end of the guideline range, as now we know, incorrectly calculated, was 41 months. It was a five-month downward departure. The sentence was 36 months. Finally, Your Honor, I would just again conclude by saying there is no plain error with respect to the other conditions. Again, they are more than reasonably related. The Appellant's counsel didn't discuss that in our argument, although no arguments are waived. So thank you very much. Thank you, Your Honors. U.S. v. Spigenbaum is submitted. And we will take a break.
judges: Canby, Wardlaw, Gould